# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00083 |
| | ) | JUDGE SHARP |
| ERIC LOUIS GUTIERREZ | ) | |

## ORDER

At the pretrial conference in this case on September 13, 2012, the Court denied Defendant's First Motion in Limine to Exclude Evidence that Defendant Lacked a Handgun Permit (Docket No. 28). Defendant has now filed a motion to reconsider that ruling (Docket No. 49), a request that will be denied.

Defendant argues that whether he possessed a handgun permit on the night of October 8, 2011, is irrelevant to the crime for which he is charged: possession of a firearm by a convicted felon. Defendant correctly notes that Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would have been without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

As the Court understands the expected evidence (as related in the arguments and papers, and at the suppression hearing), Officer Baxter claims to have seen the handguns in plain view under the seat of a vehicle that Defendant had driven to a nightclub. Asking Defendant whether he possessed a handgun permit lends some support to the proposition that the handguns were plainly visible because there would have been no need to make such an inquiry if the guns had not been discovered.

Moreover, if offered in splendid isolation the Defendant's argument might be more persuasive, but as the Court pointed out at the pretrial conference, evidence about whether

1

Defendant possessed a handgun permit completes the story relating to Defendant's interaction with Officer Baxter. "Police officers may testify about the underlying circumstances of the arrest subject to proper evidentiary standards," and "[b]ackground evidence is 'universally offered and admitted as an aid to understanding,'" Fed.R.Evid. 401 advisory committee's note, to "'complete [ ] the story of the charged offense[.]'" United States v. Martin, 262 Fed. Appx. 392, 397 (3rd Cir. 2008) (quoting, United States v. Hardy, 228 F.3d 745, 748-49 (6th Cir.2000)); see, United States v. Banks, 213 Fed. Appx. 155, 159 (4th Cir. 2007) (proffered evidence "was relevant under Federal Rule of Evidence 401 because it tended to corroborate the testimony of eyewitnesses and because the [evidence] helped furnish the context for and complete the story of the crime.").

Rule 401 aside, Defendant argues the Court should not allow the introduction of his negative response to Officer Baxter's inquiry because it will be unfairly prejudicial under Rule 403 which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Defendant claims that "there is real danger that the jury may misuse evidence of [Defendant's] lack of a handgun permit," and convict him based "on that fact alone rather than based upon proof specific of the offense charged." (Docket No. 59 at 3).

The Court is unpersuaded by Defendant's argument for two reasons. First, from the Court's understanding of the anticipated evidence, Defendant's position is that he did not know the handguns were in the car and, therefore, could not have knowingly possessed them. If that is so, any prejudice would be slight (or the evidence might even tend to favor Defendant) since he would not need a handgun permit for weapons that he did not knowingly possess.

Second, as the Advisory Committee's Notes to Rule 403 indicate, "[i]n reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403, advisory committee's note. The Court has already indicated that it will give a limiting instruction regarding the handgun permit issue upon the tender of such a proposed instruction by Defendant. There is nothing in the record which would suggest that the jury in this case will not follow a proper limiting instruction and utilize the evidence solely for the purpose for which it was introduced. See, United States v. Certain Land Situated in City of Detroit, 633 F.3d 418, 423 (6th Cir. 2011) (noting that limiting instructions are effective and juries can be expected to follow them).

Accordingly, Defendant's "Motion to Reconsider Denial of Motion in Limine to Exclude Evidence that Defendant Lacked a Handgun Permit" (Docket No. 49) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE